UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURENCE COHEN AND DONNA COHEN | CIVIL ACTION |
| VERSUS | NO: 08-707 |
| SAFECO INSURANCE CO., ET AL | SECTION: "S" (1) |

### ORDER AND REASONS

The motion to remand (Doc. #6) filed on behalf of the plaintiffs Laurence and Donna Cohen is GRANTED.

### BACKGROUND

This is a Katrina insurance dispute which was removed to this court from the Civil District Court for the Parish of Orleans, State of Louisiana.[1] The underlying petition is silent with regard to the damages sought, and seeks further homeowner's insurance proceeds, penalties and attorney's fees under a policy issued by defendant Safeco Insurance Company ("Safeco") to plaintiffs for their property at 7334 Amber Street in New Orleans, Louisiana. Defendant contends that Safeco was improperly named and that the proper party defendant is General Insurance Company of American

---

[1] *Laurence Cohen, et al v. Safeco Insurance Co., et al*, No. 07-12006, Civil District Court for the Parish of Orleans, State of Louisiana.

("GICA").

Defendant GICA asserts that this court has diversity jurisdiction under 28 U.S.C. §1332. GICA contends that plaintiffs are citizens of Louisiana and that GICA was incorporated in, and has its principal place of business in, the state of Washington, and that the amount in controversy exceeds $75,000.

Plaintiff claims that defendant has failed to produce any evidence in its burden of demonstrating the requisite amount in controversy to satisfy diversity jurisdiction. GICA urges that the amount in controversy exceeds $75,000 because it is "facially apparent" that the damages will exceed $75,000 from the amount and type of damages in the Petition and because plaintiffs allege entitlement to penalties and attorney's fees under La. Rev. Stat §22:658 and under La. Rev. Stat. §20:1220.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[2]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[3] Doubts regarding whether federal jurisdiction is

---

[2]*Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[3]*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

proper should be resolved against federal jurisdiction.[4]

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[5] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[6]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[7] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[8]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[9] The defendant must do more than point to a state law that

---

[4] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[5] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[6] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, , 1335 (5th Cir. 1995).

[7] *Allen*, 63 F.3d at 1336.

[8] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 U.S. 865 (1995).

[9] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

*might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[10]

In the underlying Petition, plaintiffs do not allege a specific amount of damages, nor do plaintiffs claim damages for the total destruction of their property. Plaintiffs aver that Hurricane Katrina caused "serious and devastating damage" to plaintiffs' property,[11] and "destroyed windows which were literally sucked out of the house by ferocious winds and most of the gutters, soffets and fascia being ripped from the house."[12] Further, plaintiffs aver that defendant is in violation of La. Rev. Stat. §22:1220 (penalties) and §22:658 (attorney fees).[13] Under these circumstances, the court concludes that it is not "facially apparent" that the amount in controversy exceeds $75,000.

In its Petition for Removal, defendant states that it removed this case because of diversity and because the amount in controversy on the face of the Petition exceeds $75,000. GICA suggests that the court is to intuit from the plaintiff's nonspecific allegations that the amount in controversy exceeds $ 75,000. GICA also alleges in its Petition that plaintiffs seek insurance coverage for property damage "up to policy limits,"[14] when plaintiffs' Petition for Damages does not so state. Finally, GICA claims that with plaintiffs' state law claim for penalties and attorney's fees, the amount in controversy exceeds $75,000.

---

[10] *See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[11] *See* Paragraph I of plaintiffs' Petition for Damages.

[12] *See* Paragraph II of plaintiffs' Petition for Damages.

[13] *See* Paragraph IV of plaintiffs' Petition.

[14] *See* Paragraph 5 of defendant's Petition for Removal.

4

Notwithstanding defendant's assertion otherwise, it is not "facially apparent" that the amount in controversy exceeds $75,000. Plaintiff's allegations are insufficient to prove the jurisdictional minimum. GICA has offered no evidence of the actual claim, and has not met its burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, this court lacks diversity jurisdiction, and the motion to remand is GRANTED.

New Orleans, Louisiana, this   9th   day of April, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**